UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

MARLON MAXIMILLIAN BANKS,      )
                               )
             Plaintiff,        )
                               )      Case No. 4:10-CV-040 JD
      v.                       )
                               )
SUPERINTENDENT, *et al.*,      )
                               )
             Defendant.        )

<u>OPINION AND ORDER</u>

Marlon Maximillian Banks, a *pro se* prisoner being held at the Miami Correction Facility,

submitted a complaint under 42 U.S.C. § 1983 as a class action. As the court has indicated

previously, a *pro se* litigant can represent his own interests, but he may not represent others. *Malone*

*v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149

(7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995).

> Under RULE 23(a)(4), a class representative must fairly and adequately protect the
> interests of the class. A litigant may bring his own claims to federal court without
> counsel, but not the claims of others. This is so because the competence of a layman
> is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted).

"*[P]ro se* prisoners are not adequate class representatives able to fairly represent the class." *Holmes*

*v. Michigan Dep't of Corrections*, 805 F.2d 1034 (6th Cir. 1986); *see also Hagan v. Rogers*, 570

F.3d 146, 159 (3d Cir. 2009). It would be "plain error to permit this imprisoned litigant who is

unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509

F.2d 1405, 1407 (4th Cir. 1975). Thus, despite its drafting, Banks' complaint cannot proceed as a

class action.

However, an error in drafting will not prevent his claim from going forward, for "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Banks contends that various prison standards–a limitation to one hour per week in the law library, prison library clerks without advanced legal training, a restriction to eight cases per visit, and other similar library policies–have hindered his ability to conduct legal research. Because he claims to have experienced delays in his physical access to the law library from one week to three months due to prison policies, and because other policies have made his ability to conduct research slow-going, he argues that he has been unconstitutionally impaired in his access to the courts.

However, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A prisoner must demonstrate that "state action hindered his or her efforts

to pursue a nonfrivolous legal claim and that the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Although Banks has argued that prison policies increased the time it takes to complete his filings, "a delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). Banks has not alleged substantial injury as a result of the brief delays he has identified. Furthermore, he has clearly demonstrated, through this action and a subsequent case, *Banks v. Superintendent*, No. 4:10-cv-040 (N.D. Ind. filed May 03, 2010), that he has the capability to reach the court despite the allegedly cumbersome nature of the law library policies. Because Banks has not demonstrated how his litigation might have suffered some kind of detriment, this complaint does not state a claim.

For the foregoing reasons, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 21, 2011

_____ /s/ JON E. DEGUILIO _____
Judge
United States District Court